DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

Kimberly A. Robinson (DCBN 999022)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7298
    FAX: (415) 436-6748
    kimberly.robinson3@usdoj.gov

Attorneys for Plaintiff
R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, <br><br> Defendant. | CASE NO. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE INTERNATIONAL LONGSHORE ACT OF 1959, 29 U.S.C. § 482(c) |

## **COMPLAINT**

Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

### **I.     NATURE OF THE ACTION**

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the "Act"), for a judgment declaring that the September 6, 2018, election of union officers conducted by the International Longshore and Warehouse Union (Defendant) for the offices of President, Vice President-Mainland, Secretary-Treasurer, and International Executive Board-Panama is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

COMPLAINT
CASE NO.                                                        1

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## III. INTRADISTRICT ASSIGNMENT

4. A substantial portion of the alleged conduct occurred in San Francisco County.

## IV. PARTIES

5. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

6. Defendant International Longshore and Warehouse Union ("Defendant" or "ILWU") is, and at all times relevant to this action has been, an unincorporated association residing within, and with its principle office in, the County of San Francisco, California, within the jurisdiction of this district.

## V. FACTUAL ALLEGATIONS

7. Defendant is, and at all times relevant to this action has been, an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(a) of the Act (29 U.S.C. §§ 402(i) and (j) and 481(a)).

8. Defendant, purporting to act pursuant to its Constitution, conducted an election of officers on September 6, 2018, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

9. Defendant has approximately 45,000 active members in the United States, Canada and Panama.

10. The Panama Canal Division is comprised of two local unions affiliated with Defendant, SINTRAPORSPA, which represents dockworkers, and the Panama Canal Pilots Union, which represents pilots.

11. On July 23, 2018, Defendant, via its contractor, mailed 1,970 ballot packages to eligible members in its Panama Canal Division, including 243 to members of the Panama Canal Pilots Union and 1,727 to members of the dockworkers union SINTRAPORSPA.

COMPLAINT
CASE NO.                                         2

12. Voted ballots were due forty-five days later, by September 6, 2018, via mail, to Global Election Services ("GES") at a designated Post Office box in San Francisco, California.

13. Each ballot package to Panama contained a ballot with voting instructions and two envelopes—a secret ballot envelope and an international business reply envelope.

14. The voting instructions directed ILWU members that voted ballots must reach GES in the international business reply envelope "ONLY," and that if members destroyed their name and barcode on that envelope, their ballots would be void.

15. Neither the English nor the Spanish voting instructions notified members that Defendant would void ballots that were collected and mailed in their international business reply envelopes, within a larger shipping container.

16. The voting instructions were not fully or accurately translated into Spanish and failed to adequately notify voters of constitutional rules that Defendant invoked to disqualify the ballots.

17. The international business reply envelope stated "NO POSTAGE NECESSARY IF MAILED TO THE UNITED STATES." This information was not provided on the envelope in Spanish.

18. On August 8, 2018, Defendant received notice that members of the dockworkers union had not received their ballots.

19. On August 11, 2018, Defendant received notice that members of neither the dockworkers union nor the pilots union had received their ballots.

20. On Friday, August 17, 2018, Defendant sent an email message seeking assistance from the United States Postal Service and wrote, "We do not believe that any of the ballots made it to the members in Panama. . . . It is our hope that you'll be able to assist us with determining the status of what we believe is undelivered mail."

21. On August 20, 2018, Defendant received written confirmation that some members in Panama had received their ballots and a report that union members were concerned that they would not be able to vote in time.

22. On August 23, 2018, Defendant received information indicating that the pre-paid international business reply envelope would not be honored by the postal service in Panama.

23. On August 31, 2018, Defendant received further notice that Panama would not honor the pre-paid postage on the international business reply envelope, as well as notice that the dockworkers union had collected 1,080 of its members' voted ballots in a box and mailed them in bulk to the designated post office box so that the ballots would arrive in time to be counted.

24. The box of 1,080 ballots arrived in time for the September 6, 2018 tally.

25. Each of the 1,080 ballots within the box was in an individual international business reply envelope.

26. Out of the 1,080 ballots mailed in bulk, 1,078 of them appear to have been cast by eligible voters.

27. At its September 6, 2018, tally, Defendant challenged the 1,080 ballots that had been sent in the box by the dockworkers union and decided to disqualify the ballots because they were not voted in accordance with Defendant's Constitution.

28. Prior to July 23, 2018, Defendant did not provide members with a Spanish translation of its Constitution.

29. No other ballots from the Panama Canal Division were received in the designated post office box in time for the tally; no vote was counted from any Panama Canal Division member in Defendant's September 6, 2018 election.

30. On September 10, 2018, Defendant's International Balloting Committee ("IBC") issued its report on the tabulation of all valid ballots cast.

31. The election for President was decided by a margin of 393 votes.

32. The election for Vice President (Mainland) was decided by a margin of 1,365 votes.

33. The election for Secretary-Treasurer was decided by a margin of 403 votes.

34. The sole candidate for the International Executive Board position from the Panama Division was not elected because he received no votes.

35. By letter dated September 17, 2018, the complainant, Floyd Bryan, a member in good standing of Defendant, protested the election to the International Election Procedures Committee ("IEPC").

36. In a report, dated October 15, 2018, the IEPC denied challenges to the election.

37. On October 29, 2018, the International Executive Board denied the protest.

38. Having exhausted the remedies available and having received a final decision, Complainant filed a timely complaint with the Secretary of Labor on November 27, 2018, within one calendar month of the final decision as required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

39. By letter signed December 10, 2018, Defendant agreed that the time within which the Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to March 11, 2019.

40. By letter signed February 11, 2019, Defendant agreed that the time within which the Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to April 8, 2019.

41. By letter signed March 26, 2019, Defendant agreed that the time within which the Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to April 18, 2019.

42. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's September 6, 2018 election; and (2) that such violations had not been remedied at the time of the institution of this action.

## V.  FIRST CAUSE OF ACTION

43. Section 401(e) of the Act states that, "[i]n any election required by this section which is to be held by secret ballot . . . every member in good standing . . . shall have the right to vote for or otherwise support the candidate or candidates of his choice . . . .". 29 U.S.C. § 481(e).

44. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), by denying members of the Panama Division the opportunity to vote when ballots were not mailed to such members in a manner that enabled each member to receive his or her ballot, mark the ballot, and return it by the September 6, 2018 ballot deadline.

45. In further violation of Section 401(e) of the Act, ILWU denied members a reasonable opportunity to vote when (1) on August 31, 2018, the union learned that 1,080 ballots had been returned in bulk, and failed to take reasonable steps in response, such as issuing those voters replacement (duplicate) ballots, distributing and collecting ballots in person, and extending the voting period, and (2)

on September 6, 2018, having failed to take reasonable steps to address the bulk mailing, determined that the 1,078 ballots returned in bulk from the dockworkers union members could not be counted.

## VI.   SECOND CAUSE OF ACTION

46. Section 401(c) of the Act requires that unions must provide adequate safeguards to insure a fair election. 29 U.S.C. § 481(c).

47. Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), when it failed to: (1) provide adequate voting instructions at the outset of the election and throughout the voting period; (2) mail ballots to Panama Division members in a manner that enabled each member to receive his or her ballot, mark the ballot, and return it by the September 6, 2018 ballot deadline; and (3) provide other safeguards for its Panama Division members, to insure a fair election.

48. The above violations of sections 401(e) and 401(c) of the Act, 29 U.S.C. §§ 481(e) and (c), may have affected the outcome of the election for the offices of President, Vice President-Mainland, Secretary-Treasurer, and International Executive Board-Panama Division because the margin of victory for those offices was less than the 1,970 votes that members of the SINTRAPORSPA and the Panama Canal Pilots Union could have cast had sections 401(e) and 401(c) of the Act not been violated.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment:

(a) declaring Defendant's election for the offices of President, Vice President-Mainland, Secretary-Treasurer, and International Executive Board-Panama Division to be void;

(b) directing Defendant to conduct a new election, including nominations, for the offices of President, Vice President-Mainland, Secretary-Treasurer, and International Executive Board-Panama Division under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

//
//
//
//

COMPLAINT
CASE NO.                                                                  6

|   |   |   |   |
|---|---|---|---|
| Dated: April 18, 2019 | | By: | Respectfully submitted,<br><br>DAVID L. ANDERSON<br>United States Attorney<br><br>  /s/  Kimberly A. Robinson  <br>Kimberly A. Robinson<br>Assistant United States Attorney |

COMPLAINT
CASE NO.                                                            7