UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Donna M. Ryu, Magistrate Judge

R. ALEXANDER ACOSTA,              )
                                  )
          Plaintiff,              )
                                  )
vs.                               )   No. C 19-02103-DMR
                                  )
INTERNATIONAL LONGSHORE and       )
WAREHOUSE UNION,                  )
                                  )
          Defendant.              )
_____   )

                                  Oakland, California
                                  Wednesday, July 31, 2019

 TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 3:36 - 3:53 = 17 MINUTES

APPEARANCES:

For Plaintiff:
                              United States Attorney's
                              Office
                              450 Golden Gate, Ninth Floor
                              San Francisco, California
                                94102
                          BY: KIMBERLY ROBINSON, ESQ.

For Defendant:
                              Leonard Carder, LLP
                              1188 Franklin Street
                              Suite 201
                              San Francisco, California
                                94109
                          BY: ELEANOR MORTON, ESQ.
                          BY: LINDSAY NICHOLAS, ESQ.

*Echo Reporting, Inc.*

2

Transcribed by:                    Echo Reporting, Inc.
                                   Contracted Court Reporter/
                                   Transcriber
                                   echoreporting@yahoo.com

3

<u>Wednesday, July 31, 2019</u>                              3:36 p.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Calling civil case C 19-2103-DMR, R. Alexander Acosta versus International Longshore and Warehouse Union.

Please state your appearances, Counsel.

MS. MORTON:  Good afternoon, your Honor.  Eleanor Morton and Lindsay Nicholas, Leonard Carter, LLP for the International Longshore and Warehouse Union.

THE COURT:  Good afternoon.

MS. ROBINSON:  Good afternoon, your Honor.  Kim Robinson representing the Plaintiff in this case, Acting Secretary of Labor, Patrick Pizzella.

THE COURT:  Okay, good afternoon.

I just have to say, it's -- I always -- it gives me a little thrill when I see all women up at the podium.  It should happen more often.  But I just want it noted for the record.  It's a good thing.

So apologies to you all too, it's just -- I don't know why we're here two hours later.  These cases have taken more management, are a little more complicated, and yours is so interesting.

MS. ROBINSON:  Thank you.

THE COURT:  Okay.  So I'm going to set the

4

deadline you suggested of August 30th to amend, to add parties, claims or defenses, okay?  So we'll get that nailed down quickly.

The parties had a little different scheduling proposals on both the trial and the settlement conference and I think that has to do with the fact that you've got this dispute about discovery, what's the scope of discovery, how long is it going to take?  So I think what we should is set that up for a deadline; don't you want to make sure that we have an answer on that sooner rather than later?

MS. MORTON:  We do, your Honor.  I think it is certainly a fundamental issue in the case that you've correctly identified in the case management conference, and that Counsel and I discussed in our meet and confer.  I wonder if the way to address it though, rather than sort of in the abstract, would be in the context of specific discovery motions?

So, for example, my client served early request for production on the Department of Labor seeking access to the ballots for the purposes of forensic testing.  We've had some discussion about that.  I don't want to misstate opposing Counsel's position, but I believe there is some resistence to that.  I don't know if it's outright refusal yet, but at least resistence.

Perhaps it would make sense to allow that dispute and

5

other sort of discovery disputes to crystalize and then litigate the scope of discovery in the context of those specific disputes, rather than sort of trying to do it in an abstract way.

THE COURT:  Ms. Robinson?  What do you think?

MS. ROBINSON:  Well I think opposing Counsel certainly correctly stated that there is some dispute as to whether or not we believe two of the four early discovery requests are actually relevant, or at the very least proportional to the needs of the case.  And certainly while Defendant seems to believe, in my understanding at least, and I don't want to misstate Defendant's position, that the sort of unclean hands defense is sort of the heart of the matter, whereas Plaintiff is not even convinced that it's a appropriate affirmative defense in the first place, and even if it is whether the equitable remedies of case law that Defendant has cited in support of the discovery that they believe is necessary to see -- to support that defense, is even relevant here.  And again, it's certainly proportional. It's certainly a fundamental issue.

My concern about formal discovery motions would just be the issue of prolonging the case.  So while certainly we could present our position in a more formalistic way through some sort of briefing, if that is in fact what you're proposing, obviously as demonstrated by sort of the

6

compressed discovery schedule that my client is proposing, we are concerned about getting democratic leadership -- democratically-elected leadership into office as soon as possible.

And that's one of the concerns -- it goes to the heart of the sort of discovery dispute, which is this international discovery that's being proposed.  This very expensive and possibly time consuming, three-part forensic analysis.  Or one-part statistical, two-part forensic analysis that's being proposed, to get at one of the affirmative defenses, which we're not even sure is proportional to the needs of the case or relevant, it's sort of taking us off the track here.

THE COURT:  Right, but I think that's why I need the briefing.  I mean I'm not -- that's why I'm saying, let's do it sooner rather than later.

MS. ROBINSON:  Certainly, your Honor.

THE COURT:  Because I think that's going to drive how much time you all need and how big the case is, or how streamlined it is.  I do think it makes sense to -- you know, for me to have specific examples.  I don't know how much discovery has gone back and forth, but it sounds like you already have some that you could cue up right now.

I mean the reason why I think it's good to get it in context with specifics is because you'll get then judicial

7

feedback, right?  A ruling about those that you can then apply across the case.  It's harder in the abstract.

Now, proportionality sometimes is something that is harder to predict how that will apply.  But if you get a ruling that says no international discovery, then that one is easy.  But if there's some that would be allowed, then you'll have to -- I trust that you'll be able to extrapolate and figure out how to go forward in the case, or you can always bring it to my attention.

I'm talking out loud here, but I think the answer is, cue up your -- you already have some discovery disputes that you can engage on now, and normally I do a joint letter process, but I want to make sure that this is briefed up well.

So what I think I'll do -- I don't think it takes more time to do this, is just to have you go ahead and file a brief and I'll give you the full brief to be able to explain, for example, the equitable defense and why you think they apply here or why you think they don't, why for that specific discovery in dispute you think it's relevant and proportional, why you think it isn't; how soon can we get this on file?

MS. MORTON:  Well I believe Plaintiff's to our discovery is now due August 9th?

MS. ROBINSON:  Correct.

8

THE COURT:  Okay.

MS. MORTON:  I believe we stipulated to that.  So by the end of August?

THE COURT:  Because then you meet and confer -- you have to meet and confer so you make sure that you've -- you kind of sorted out where you're really disagreeing and I don't want you to just file a motion without talking first, but what do you think of that timeline?

MS. ROBINSON:  End of August works well for the Government as well.  I guess I'm -- I just want to sort of clarify the exact format of the briefing and also the effect of that briefing on the productions that the Government has, sort of in the works.

THE COURT:  Right.

MS. ROBINSON:  As I said, two of the four early Rule 34 requests have to do with topics that we -- you know that sort of fall into this category of disputed discovery at this point.

THE COURT:  Right.

MS. ROBINSON:  So I'm not quite sure what to do with that in light of the August 9th deadline.

THE COURT:  Here's what I think the procedure would be.  You'd go ahead and respond with your objections the way that you think is appropriate, right?  So you'll be saying, we're only going to do this, because the rest of it

9

is irrelevant and also not proportional.  Then you'll meet and confer about it and then instead of doing a joint letter, I'd like you to actually file a brief, a motion to compel is what is sounds like it's going to be.

MS. ROBINSON:  Okay.

THE COURT:  By the defense saying, here's why we think we don't -- we should get better responses from Plaintiff, because we're entitled to more than what they gave us.  But defense doesn't need to do more, unless there's an order saying they need to do more.

MS. ROBINSON:  Okay.  And just a further question. With regard -- so the discovery dispute is not limited to the ballots an envelopes, which have been requested for forensic testing.  It also gets more to the idea whether international discovery is relevant or not in the case, and/or proportional in the case.  And that doesn't deal directly, at least in my view, with the early Rule 34 request three and four.  So it's a slightly different issue.

THE COURT:  Okay.

MS. MORTON:  Your Honor, if I may?

THE COURT:  Yes.

MS. MORTON:  I think we can address that similarly.  I mean it may be that your ruling, with regard to the discovery we already have served, foretells what you're likely to rule with regard to some of the other

10

issues in the case, either in my client's favor or in the favor of the Department of Labor.  Or it may not.  But we will fairly shortly be taking steps to serve subpoenas, both domestically and in Panama.  So I think in the context of those subpoenas, the appropriate procedure would be either another formal motion to compel, or your Honor's informal process.  But again, I think we can use the same step of looking at the particular discovery at issue in determining whether it's appropriate in the context of the case.

THE COURT:  Okay.  Yeah, I guess I was envisioning that it would all be in one -- like the key issues would all be in one motion, instead of doing it in a series of motions.

MS. MORTON:  Well, you know, it may be that it's resolved in one motion, depending on how you indicate your viewing the issues in the case, or it may not.

THE COURT:  I think Ms. Robinson is saying she's not sure that the first dispute -- the current dispute is going to raise the international discovery question.

MS. ROBINSON:  And if I may?  There's a separate issue if you were to say permit some international discovery, then that has a direct bearing on our sort of scheduling.  Because there's also a differing view that's reflected in the joint case management statement about how long it will actually take.

11

The Office of Foreign Litigation within the Department of Justice has been pretty clear that the time frame that Defendant believes will work for their international discovery is not actually an accurate time frame. So that's a concern as well.

THE COURT: But that's why I'm saying this first. I get that this drives a lot of things about case management. That's why I want to try to cue this up sooner rather than later.

So the question is, is there any way to get it in one motion, or not really? When will the international question be ripe?

MS. MORTON: I think it will be ripe -- it is touched on -- I guess it depends on what is the international question.

So the particular discovery that we have the dispute about, that we would bring to you first is an issue about our seeking action to the ballots for purposes of forensic testing. And that gets at the relevance to the case of what happened in Panama.

THE COURT: Okay.

MS. MORTON: Because if what happened in Panama is relevant, then presumably discovery in Panama is also relevant. So although that particular discovery is not about deposing or seeking documents from someone in Panama,

12

it does present the issue of the relevance of what we believe was an effort to fraudulently commandeer the election.

THE COURT:  Understood.  I think that is the core question, because if it's not relevant, then we don't -- you won't be doing much discovery on it.  If it is relevant, then the question because proportionality as we go forward.

So I think it makes sense to just go ahead and cue up by the end of August.  Go ahead an file your motion explaining why discovery -- or the scope of discovery should be relatively broad, because it encompasses these defenses which should be considered, and then you could oppose it and we'll go from there.

Now, I'm going to go ahead --

MS. ROBINSON:  Your Honor, if I may, just briefly? If -- since we're going to be doing this by formal motion, could I have until the middle of September to file?  Can I have two additional weeks?  I'm just remembering my schedule here.

THE COURT:  Any objection to that?

MS. MORTON:  No, I think that that's okay.

THE COURT:  All right.

MS. ROBINSON:  Thank you.

THE COURT:  September 13th.

MS. MORTON:   I guess I have a logistical

13

question.  Would that -- we would be able to begin to notice depositions that are not related to the sort of potentially international component of the case; is that correct?

THE COURT:  There's nothing barring you from engaging in discovery, I just would want counsel to be cognizant of the fact that there's going to be some question marks about the scope of discovery, at least for the early parts of the case.  But yes, you're --

MS. MORTON:  Okay.  I just wanted to make sure it wasn't going to impeded any other aspect of the case, given the compressed time line that we believe we're under in the case.

THE COURT:  Okay.  Well I'm going to set a schedule now, at least for -- it's a five-day bench trial you've been asking for.  Your dates were a little bit different, but not by much.  And actually I have availability in December of 2020, so it's a little past what you were asking for and little before what they were asking for.

And then we'll just -- if for some reason, Ms. Robinson, they persuade me that they should get more and it should be longer, then I'll adjust it.  But -- as I've told other groups, once I set the schedule, I mean it, unless there's good -- really good reason to change it.  Okay?

MS. ROBINSON:  Understood.

14

THE COURT:  So here we go.  Jot these down please, so I can get your feedback.  Close of discovery and expert disclosure will be July 14th, 2020.  Rebuttal expert disclosures will be due July 29th.  August 11th, close of expert discovery.  September 10th will be the last day to hear dispositive motions.  And your pretrial will be November 25th, 2020 for a five-day bench trial commencing December 7th, 2020.

How does that work for the Plaintiff, Ms. Robinson?

MS. ROBINSON:  That works well for the Plaintiff, thank you.

THE COURT:  Okay and how about the Defense?

MS. MORTON:  That's fine, your Honor.

THE COURT:  Okay.  So I'll issue a schedule with those dates.

Let's talk about settlement.  It sounds like the parties agreed to -- that they'd like to have a magistrate judge and I think that makes sense in this case.  But you're not sure about the dates and I assume that's because of the discovery question.

MS. ROBINSON:  That's correct.

THE COURT:  Do -- will you have enough to have a good discussion of, yes of course we will because we don't need much?

MS. MORTON:  Yes, that's fair.  Uh-huh.

15

THE COURT:  So, let me just think this out.  I think it makes sense to do a magistrate judge settlement conference between 90 to 120 days from now, which is pretty normal anyway.  Because by then, hopefully you'll have an opinion on the scope of discovery.  You may not have all of the discovery you need, but what usually happens, depending on who the magistrate judge is, is they're going to have a set up call with you anyway to say, do you have what you need?  And you can tinker with the dates with that judge once you get a little further along; does that sound okay with everyone?

MS. MORTON:  Yes, your Honor.

MS. ROBINSON:  Yes, your Honor.

THE COURT:  Is there anybody you had in mind, or should I just send this out to -- for a random referral?  I say this thinking and believing that all of my colleagues are really good at this, but sometimes people feel like, well it would be great to have that person if they're available.

MS. MORTON:  We did not have a particular magistrate judge in mind, your Honor.

MS. ROBINSON:  Nor did we, your Honor.

THE COURT:  Okay.  I'll put it out for random referral and get someone assigned.

I'm going to set you for another CMC on December 4th at

16

1:30 with your joint updated papers due November 27th; are you available for December 4th?

MS. MORTON:  Yes, your Honor.

MS. ROBINSON:  Yes.

THE COURT:  Okay.  Now obviously I'll see you before then on the discovery issue, but we'll go ahead and set the next CMC.

All right.  Ms. Robinson, is there anything else we should cover?

MS. ROBINSON:  No, your Honor, thank you.

THE COURT:  How about from the Defense?

MS. MORTON:  Not at this time.  Thank you.

THE COURT:  Okay, great.  Thank you all.

MS. ROBINSON:  Thank you.

(Proceedings adjourned at 3:53 p.m.)

<u>CERTIFICATE OF TRANSCRIBER</u>

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Monday, October 7, 2019