Eleanor Morton (SBN 220407)
Lindsay R. Nicholas (SBN 273063)
Tanya Smith (SBN 290634)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010
emorton@leonardcarder.com
lnicholas@leonardcarder.com
tsmith@leonardcarder.com

*Attorneys for Defendant*
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Defendant. | Case No. 4:19-cv-02103-DMR<br><br>Date: September 24, 2020<br>Time: 1:00 p.m.<br><br>**DECLARATION OF TANYA SMITH IN SUPPORT OF DEFENDANT ILWU'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

I, Tanya Smith, declare as follows:

1. I am an attorney licensed to practice in the courts of this state and am admitted to this Court. I am an associate at the law firm of Leonard Carder, LLP, counsel for the International Longshore and Warehouse Union (ILWU) in this case. I make this declaration based on my own personal knowledge in support of ILWU's Motion to Compel Production of Documents.

2. On May 14, 2019, my office propounded ILWU's Request for Production of Documents (Set 1) to counsel for Plaintiff Department of Labor (DOL). A true and correct copy is attached as **Exhibit 1**.

3. On or about August 9, 2019, my office received DOL's Objections and Responses to ILWU's Requests for Production, as well as a disc containing responsive documents. A true and correct copy of DOL's responses and objections is attached as **Exhibit 2**.

4. On or about September 13, 2019, my office filed ILWU's motion to compel production of ballots and ballot envelopes, which the Court granted on November 14, 2019.

5. On or about October 8, 2019, my office requested a privilege log and inquired about 106 missing pages at the beginning of the production, numerous other missing pages, and initials used in redacted portions of documents. A true and correct copy of this letter is attached as **Exhibit 3**.

6. On October 22, 2019 DOL's counsel wrote a letter explaining that all gaps in page numbering, including the first 106 pages, were withheld by DOL in full because such pages "are subject to the Deliberative Process privilege." The letter explained DOL's use of four redaction codes in its produced documents: "DP for deliberative process privilege, "IF" for investigative files privilege, "AC" for attorney-client privilege, and "PII" for personally identifiable information. A true and correct copy of this letter is attached as **Exhibit 4**.

7. On October 28, 2019, my office renewed its request for DOL's privilege log and noted in a letter that the volume of documents withheld on deliberative process pages caused us concern that non-privileged documents and non-privileged portions of documents were also withheld. A true and correct copy of this letter is attached as **Exhibit 5**.

8. DOL reproduced its document production on or about November 15, 2019. A true and correct copy of DOL's privilege log from November 15, 2019 is attached as **Exhibit 6**. This privilege log lists two types of redactions for documents withheld or redacted: deliberative process and what DOL calls an "investigative files privilege". This unnumbered privilege log lists approximately 511 documents DOL withheld or redacted under deliberative process grounds, 2 documents under what it terms an "investigative files privilege", and 3 documents under both deliberative process and "investigative files privilege" grounds.

9. On November 26, 2019, ILWU counsel Eleanor Morton and I sent a third letter to DOL's counsel. Our letter requested information about the date that DOL made decisions related to 147 documents, segregable facts from 211 documents, authorship and recipient information for numerous documents, and the factual background for each withheld or redacted document. A true and correct copy of this letter is attached as **Exhibit 7.**

10. On January 8, 2020, Ms. Morton and I met and conferred telephonically with counsel for DOL regarding the documents DOL had withheld or redacted from its August and November 2019 productions. During this call, DOL's counsel Ken Brakebill stated the agency was going to assert additional privileges not listed on its privilege log, such as attorney-client privilege and work product privilege. Mr. Brakebill also stated DOL was reviewing documents to determine if segregable facts could be produced. A true and correct copy of an email I sent to DOL's counsel memorializing this call is attached as **Exhibit 8.**

11. On or about January 14, 2020, DOL produced four more documents it had withheld. A true and correct copy of the transmittal email is attached as **Exhibit 9** at 6.

12. On January 16, 2020, I emailed DOL's counsel renewing ILWU's request for outstanding items from its November 26, 2019 meet and confer letter, including DOL's final decision relating to 147 documents DOL claimed were pre-decisional and for production of segregable facts from 200 documents. A true and correct copy of my email is attached as **Exhibit 9** at 4.

13. On January 23, 2020, I emailed DOL's counsel renewing ILWU's request for outstanding items from its November 26, 2019 meet and confer letter. A true and correct copy of my email is attached as **Exhibit 9** at 3.

14. On or about January 27, 2020, DOL produced a revised privilege log containing 541 documents withheld or redacted. A true and correct copy of DOL's second privilege log is attached as **Exhibit 10**.

15. On January 29, 2020 I emailed DOL's counsel to renew ILWU's request for the outstanding items from its November 26, 2019 meet and confer letter. A true and correct copy of my email is attached as **Exhibit 9** at 1.

16. On February 6, 2020 I emailed DOL's counsel to renew ILWU's request for the outstanding items from its November 26, 2019 meet and confer letter. A true and correct copy of my email is attached as **Exhibit 11** at 1.

17. Mr. Brakebill provided a substantive response by email on February 20, 2020. A true and correct copy of this email is attached as **Exhibit 12**.

18. On March 5, 2020, DOL produced 94 additional documents, which are referred to in a letter from DOL's counsel dated March 10, 2020. A true and correct copy of this email is attached as **Exhibit 13**.

19. On or about March 18, 2020, I met and conferred telephonically with counsel for DOL regarding several discovery issues, including the documents DOL had withheld or redacted from its March 2020 production.

20. On or about March 31, 2020, DOL produced its third privilege log, a true and correct copy of which is attached as **Exhibit 14**.

21. On April 2, 2020, I left a voice mail with Kimberly Robinson, counsel for DOL, to clarify where the Parties were in the meet and confer process. I also sent counsel for DOL two emails regarding the same on April 2 and April 3, 2020. A true and correct copy of my emails are attached as **Exhibit 15**.

22. On April 8, 2020 Ms. Morton and I sent a fourth letter to DOL's counsel. Our letter requested information regarding the decision involved in documents DOL had withheld or

redacted under deliberative process privilege; segregable facts that should have been disclosed from interview notes and investigator-authored documents; DOL's addition of an "investigative files" rationale to withhold 81 documents previously withheld under only the deliberative process privilege; its addition of work product privilege to timelines it had withheld under deliberative process privilege; its assertion of attorney-client privilege when no attorney received or authored a document; and its assertion of work product privilege on documents regarding facts from its investigation that were part of the regular ordinary course of DOL's business, among other issues. A true and correct copy of our letter is attached as **Exhibit 16.**

23. On April 29, 2020, Mr. Brakebill emailed to inquire if DOL's plan to produce outstanding documents in a rolling production was acceptable. A true and correct copy of this email is attached as **Exhibit 17.**

24. On May 1, 2020, my office sent a letter to DOL's counsel accepting DOL's request for producing additional documents in a rolling production and responding to other discovery issue. A true and correct copy of this letter is attached as **Exhibit 18.**

25. On or about May 8, 2020, DOL produced 136 documents. On or about May 22, 2020, DOL produced 225 documents. On or about July 1, 2020, DOL produced 77 documents.

26. On or about June 17, 2020, ILWU through my office produced reports from experts M. Patricia Fisher and Dr. Michael Herron. Ms. Fisher's report found "at the highest levels of confidence" that "[i]t is not credible that 1078 individuals filled out that Panama ballots" due to "consistently reproduc[ing] the four types of variations" which would most likely be made "by one or possibly two to four individuals. Dr. Herron's report found that "there was a single vote combination" for 97.78 percent of the ballots which arrived by box from Panama, which "is consistent with the allegation that a small number of individuals filled out the SINTRAPORSPA ballots or directed that they be filled out in a similar way."

27. On or about July 10, 2020, DOL produced a declaration regarding its deliberative process from Brian Pifer, its director of field operations within its Office of Labor Management Standards. A true and correct copy is attached as **Exhibit 19**.

5

Declaration of Tanya Smith in Support of Defendant's Motion to Compel Production of Documents
Case No. 4:19-cv-02103-DMR

28. Also on or about July 10, 2020, DOL produced 21 documents. DOL also produced its fourth privilege log, a true and correct copy of which is attached as **Exhibit 20**.

29. On or about July 10, DOL provided a list of employees' titles who were identified in its privilege logs, a true and correct copy of which is attached as **Exhibit 21.**

30. On or about July 12, 2020, I attended my office's deposition of Brian Pifer, whom DOL had designated as its person most knowledgeable of its ILWU 2018 election investigation. Several times during Director Pifer's deposition, Mr. Brakebill invoked the deliberative process privilege and instructed Director Pifer not to answer questions about fraud, DOL's adoption of previous recommendations during its final decision-making, and what issue was being deliberated over in a particular document the deponent was asked to review. A true and correct excerpted copy of the transcript from Director Pifer's deposition is attached as **Exhibit 22** at 154:11-156:5, 162:3-163:25, and 179:24-180:16.

31. During Director Pifer's deposition, Ms. Morton asked Director Pifer about his declaration regarding DOL's deliberative process. She also asked Director Pifer if he had reviewed all of the documents DOL had redacted or withheld on deliberative process grounds. Director Pifer stated he had not. A true and correct copy of this deposition exchange is attached as Exhibit 22 at 74:1-9.

32. On or about July 17, 2020, ILWU through my office produced translations of five confidential interviews with Panamanian dockworkers whom DOL alleges ILWU denied the right to vote in 2018. Under oath and in as certified on translations of their interviews, each of the five dockworkers affirmed they had never seen the Spanish-language ballot ILWU's vendor sent for them to pick up at their post office's general delivery, which were nevertheless filled out and included in the box of ballots sent to San Francisco by Panamanian affiliate SINTRAPORSPA's officials in 2018. Each of the five dockworkers also certified under oath that before the election in 2018, they had left SINTRAPORSPA and joined another union. A true and correct copy of the transmittal email with these confidential interviews is attached as **Exhibit 23**.

33. On July 22, 2020, Ms. Morton and I sent a fifth letter to DOL's counsel. Our letter requested DOL provide information for 145 documents regarding the decision involved in

6

DECLARATION OF TANYA SMITH IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. 4:19-CV-02103-DMR

1  documents DOL had withheld or redacted under deliberative process privilege; produce
2  predecisional documents it adopted in its final decision(s); produce segregable facts from
3  timelines it withheld; produce documents improperly withheld under an "investigative files"
4  rationale; produce documents authored by and sent to investigators, which do not make final
5  decisions; and produce documents withheld under attorney-client privilege when no attorney
6  received or authored a document, among other issues. A true and correct copy of our letter is
7  attached as **Exhibit 24.**

   34.  On July 24, 2020, Mr. Brakebill responded by email, protesting ILWU's plan to
   file a motion to compel. A true and correct copy of this email is attached as **Exhibit 25**.

   35.  I emailed Mr. Brakebill counsel back on the same date to ask if DOL intended to
   deviate from its position to continue withholding documents, in light of the tight deadlines in the
   case and ILWU's need for documents before depositions the parties had scheduled. A true and
   correct copy of my email is attached as **Exhibit 26**.

   36.  On August 3, 2020, Mr. Brakebill counsel wrote to me and Ms. Morton about the
   DOL's position on documents it continued to withhold or redact. A true and correct copy of this
   letter is attached as **Exhibit 27.**

   37.  On August 10, 2020, DOL produced its fifth privilege log, a true and correct copy
   of which is attached as **Exhibit 28.**

   38.  On or about August 11, 2020, DOL produced 26 additional documents.

   39.  On or about August 12, 2020, Mr. Brakebill and I discussed by phone outstanding
   documents from DOL's production and the timing of this motion to compel. A true and correct
   copy of an email I sent to DOL's counsel memorializing this call is attached as **Exhibit 29.**

   I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

   Executed this 19th day of August, 2020 at Concord, California.

              /s/ Tanya Smith
              Tanya Smith

7

DECLARATION OF TANYA SMITH IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. 4:19-CV-02103-DMR

## INDEX OF EXHIBITS

| Exhibit No. | Document |
|---|---|
| 1 | ILWU's May 14, 2019 Request for Production of Documents (Set 1) |
| 2 | DOL's August 9, 2019 Objections and Responses to ILWU's Requests for Production (Set 1) |
| 3 | Eleanor Morton's September 13, 2019 meet and confer letter to DOL |
| 4 | Kimberly Robinson's October 22, 2019 meet and confer letter to ILWU |
| 5 | Eleanor Morton's October 28, 2019 meet and confer letter to DOL |
| 6 | DOL's November 15, 2019 privilege log (1 of 5) |
| 7 | Eleanor Morton's November 26, 2019 meet and confer letter to DOL |
| 8 | Tanya Smith's January 8, 2020 meet and confer email to DOL |
| 9 | Email thread regarding DOL's production between January 14 and 29, 2020 |
| 10 | DOL's January 27, 2020 privilege log (2 of 5) |
| 11 | Email thread regarding DOL's production between January 14 and February 14, 2020 |
| 12 | Ken Brakebill's February 20, 2020 meet and confer email to ILWU |
| 13 | Ken Brakebill's March 10, 2020 meet and confer letter |
| 14 | DOL's March 31, 2020 privilege log (3 of 5) |
| 15 | Tanya Smith's April 2 and 3, 2020 meet and confer emails to DOL |
| 16 | Eleanor Morton's April 8, 2020 meet and confer letter to DOL |
| 17 | Ken Brakebill's April 29, 2020 meet and confer email to ILWU |
| 18 | Eleanor Morton's May 1, 2020 meet and confer letter to DOL |
| 19 | Brian Pifer's July 10, 2020 declaration regarding DOL's deliberative process |
| 20 | DOL's July 10, 2020 privilege log (4 of 5) |
| 21 | DOL's list of employees provided July 10, 2020 |
| 22 | Excerpted transcript of Director Brian Pifer's July 12, 2020 deposition, designated as DOL's person most knowledgeable |
| 23 | ILWU's July 17, 2020 transmittal email producing five confidential interviews and translations |
| 24 | Eleanor Morton's July 22, 2020 meet and confer letter to DOL |
| 25 | Ken Brakebill's July 24, 2020 meet and confer email to ILWU |
| 26 | Tanya Smith's July 24, 2020 meet and confer email to DOL |
| 27 | Ken Brakebill's August 3, 2020 meet and confer email to ILWU |
| 28 | DOL's August 10, 2020 privilege log (5 of 5) |
| 29 | Tanya Smith's August 12, 2020 meet and confer email to DOL |

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400   FAX: (415) 771-7010

8

DECLARATION OF TANYA SMITH IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. 4:19-CV-02103-DMR