# EXHIBIT 1

**Eleanor Morton** (SBN 220407)
**Lindsay R. Nicholas** (SBN 273063)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010
emorton@leonardcarder.com
lnicholas@leonardcarder.com

*Attorneys for Defendant*
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br><br>              Plaintiff,<br><br>v.<br><br>INTERNATIONAL LONGSHORE<br>AND WAREHOUSE UNION,<br><br>              Defendant. | Case No. 4:19-cv-02103-DMR<br><br>**DEFENDANT ILWU'S REQUESTS FOR PRODUCTION  (SET ONE)** |

REQUESTING PARTY:          **DEFENDANT ILWU**

RESPONDING PARTY:          **PLAINTIFF ACOSTA**

SET NO:                          **ONE**

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby requests that Plaintiff, within thirty (30) days after service of these discovery requests, respond to the following requests for production.  With regard to Requests for Production 1 and 2 below, Plaintiff should produce all documents to Defendant at the offices of its counsel, Leonard Carder, LLP, 1188 Franklin St., Suite 201, San Francisco, CA 94109.  With regard to Requests for Production 3 and 4 below, Defendant will meet and confer with Plaintiff over how and to whom the documents should be produced in order to protect the original materials and preserve the chain of custody.

## **GENERAL INSTRUCTIONS**

      1.     YOU must respond to each request for production of documents with the production of all documents relevant to the request that are in your possession, custody, or control, including all documents that are in the possession, custody, or control of your agents, representatives, attorneys, and/or accountants, or that are otherwise available to you.   A document is deemed to be in your control within the meaning of Federal Rules of Civil Procedure, Rule 34, if YOU have the right to secure the document or a copy thereof from another person or public or private entity having actual possession of it.

      2.     Where a request for production does not specifically request a particular document, but where such document or item is necessary to make the other documents produced in response to the request either comprehensible, complete, or not misleading, YOU should include such document or item as part of the response, and the request for production shall be deemed specifically to request such document(s) or item(s).

      3.     Please produce all documents as they are kept in the normal course of business.

      4.     If any document(s) responsive to any request for production has been lost or destroyed, please so state, and identify each such document, the time and circumstance under

which the same occurred, and state to which request(s) for production the document would have been responsive.

5.      If YOU contend that any portion of these requests for production is objectionable or unduly burdensome, state with precision the basis for that contention.

6.      If any specific document is withheld from production in response to these requests for production on the ground that its production is privileged or otherwise unwarranted, please set forth as to each document the nature and substance of the document, the name of the author or sender of the document, the name of the addressee or recipient of the document, the date of the document, and the legal basis for which YOU claim protection for production.

## DEFINITIONS

1.      The terms "YOU" and "YOUR" as used in these requests for production shall mean the U.S. Department of Labor and each of its offices, agents and employees, the Secretary of Labor and his counsel.

2.      The terms "DOCUMENT" and "DOCUMENTS" as used in these requests for production should be interpreted in the broadest possible manner and shall include the original and each non-identical copy of any and all written and/or graphic material, however produced or reproduced, of every kind and description, including but not limited to memoranda; electronic communications such as electronic messages recorded in any form; interoffice communications; postings; payroll records; cancelled checks; bank statements; letters; telegrams; telexes; faxes; notes of meetings and conversations; reports; statements; announcements; computer tapes and disks; calendars; diaries; photographs; audio tape recordings; video tape recordings; motion pictures; and any carbon copies, photocopies, or other reproductions of such material if no original is available whether such documents are maintained in hardcopy or electronic format.

3.      The words "AND" and "OR" as used in these requests for production shall individually be interpreted in every instance as meaning "and/or" and shall not be interpreted to exclude any information within the scope of these requests.

4.      The term "CONCERNING" as used in these requests for production shall be construed in the broadest possible sense to mean referring to, relating to, pertaining to, alluding

1  to, mentioning, having any relationship to, representing, summarizing, memorializing,

2  connected with, discussing, showing, evidencing, arising out of, reflecting or analyzing, directly

3  or indirectly, the subject matter identified in the request for production or any way logically or

4  factually connected with the matters discussed.

5                        **REQUESTS FOR PRODUCTION**

6  **REQUEST FOR PRODUCTION NO. 1**

7          All DOCUMENTS CONCERNING YOUR allegations in the Complaint.

8  **REQUEST FOR PRODUCTION NO. 2**

9          All DOCUMENTS CONCERNING YOUR investigation conducted in response to the

10  complaint filed with the Secretary of Labor identified in paragraph 38 of the Complaint including

11  but not limited to interview notes, communications, memoranda, emails, recordings, and other

12  materials.

13  **REQUEST FOR PRODUCTION NO. 3**

14          All original ballots from the ILWU 2018 election.

15  **REQUEST FOR PRODUCTION NO. 4**

16          All original ballot envelopes from the ILWU 2018 election.

17

18                                    Respectfully submitted,

19  DATED: May 14, 2019               LEONARD CARDER, LLP

20                            By:      _____/s/_____

21                                    Eleanor Morton

22                                    *Attorneys for Defendant* INTERNATIONAL
23                                    LONGSHORE AND WAREHOUSE UNION

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years old and not a party to the within action; my business address is 1188 Franklin Street, Suite 201, San Francisco, CA, 94109.

On **May 14, 2019**, I served a true and accurate copy of the foregoing document(s):

**DEFENDANT ILWU'S REQUESTS FOR PRODUCTION (SET ONE)**

on all interested parties in this action as follows:

**Kimberly Robinson**
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Kimberly.Robinson3@usdoj.gov

☑      **BY E-MAIL**: I caused the documents to be sent to the person at the electronic notification address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑      **BY MAIL**: I enclosed the document(s) above in a sealed envelope or package addressed to the persons at the addresses above.  Following ordinary business practices, the envelope was sealed with postage fully prepaid and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date at San Francisco, CA.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 14, 2019** at San Francisco, California.

_____
Nicole Bridges