# EXHIBIT 2

DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

Kimberly A. Robinson (DCBN 999022)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7298
    FAX: (415) 436-6748
    kimberly.robinson3@usdoj.gov

Attorneys for Plaintiff
PATRICK PIZZELLA, Acting Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK PIZZELLA, Acting Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>    Defendant. | CASE NO. 4:19-cv-02103-DMR<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S EARLY RULE 34 REQUESTS** |

PROPOUNDING PARTY: DEFENDANT, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION

RESPONDING PARTY: PLAINTIFF, ACTING SECRETARY OF LABOR, PATRICK PIZZELLA

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Acting Secretary of Labor Patrick Pizzella, hereby responds to Defendant International Longshore and Warehouse Union's Early Rule 34 Requests (the "Requests").

**PRELIMINARY STATEMENT**

1. Plaintiff has made a diligent search and reasonable inquiry in an effort to respond to the

1 Requests.  Plaintiff has not completed his investigation of the facts relating to this case and has not
2 completed his preparation for trial.  The following responses are based on reasonable inquiry and
3 information known at this time, and are given without prejudice to Plaintiff introducing at trial or at any
4 hearing, subsequently discovered evidence and facts as additional evidence and facts are obtained,
5 analyses are made and legal research is completed.

6       2. Each of the objections and responses to these Requests is based on Plaintiff's understanding
7 of each request herein.  To the extent that Defendant asserts an interpretation of any request that is
8 inconsistent with Plaintiff's understanding, Plaintiff reserves the right to supplement or amend his
9 objections and responses.

10       3. Plaintiff's responses are made without in any way intending to waive or waiving, but on the
11 contrary, intended to preserve and preserving:

12       (a)  The right to raise all questions of authenticity, competency, foundation, relevancy,
13 materiality, privilege and admissibility as evidence for any purpose of any information identified in
14 response to the Requests that may arise in any subsequent proceeding in, or the trial of, this or any other
15 action.

16       (b)  The right to object to the use of these responses in any subsequent proceeding in, or the trial
17 of, this or any other actions on any grounds;

18       (c)  The right to object to the introduction into evidence of these responses; and

19       (d)  The right to object on any ground at any time to the discovery involving the subject matter
20 thereof.

21       (e)  The right to revise, correct, supplement, clarify or amend this response in accordance with
22 the Federal Rules of Civil Procedure and other applicable rules and authority.

23       4. By making these responses, Plaintiff does not concede that the information sought is relevant.

24       5. Inadvertent production of any document subject to any applicable privilege or doctrine,
25 including, but not limited to, the attorney-client privilege and work product doctrine, is not intended to
26 be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any
27 such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any
28 use of such document, or of the information contained therein.

PL.'S RESPONSES TO DEF.'S EARLY RULE 34 REQUESTS
CASE NO.  4:19-cv-02103-DMR

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS CONCERNING YOUR allegations in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

OBJECTIONS: Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. In particular, the term "all documents" is overbroad as there are no parameters with respect to time, custodians, etc. and production of "all documents" is, for the same reasons, unduly burdensome. Plaintiff further objects to the extent this request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the deliberative process privilege. Plaintiff further objects on the grounds that the request fails to describe with reasonable particularity each item or category of items to be inspected in violation of Federal Rule of Civil Procedure 34(b)(1)(A). Responsive materials are being withheld on these bases.[1]

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: See the documents contained in the folder marked "Complaint" in the disc accompanying this response. The Bates number range of these documents is USA000279 to USA008138. See also the documents contained on the disc in the folder marked "Initial Disclosures". The Bates number range for these documents is USA000107 to USA007982.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING YOUR investigation conducted in response to the complaint filed with the Secretary of Labor identified in paragraph 38 of the Complaint including but not limited to interview notes, communications, memoranda, emails, recordings, and other materials.

---

[1] However, pursuant to the parties' June 11, 2019 agreement regarding the production of privileged materials, no privilege log is being produced at this time. In an email from Eleanor Morton to Kim Robinson on June 11, 2019, Ms. Morton memorialized the parties' agreement in writing with regard to privileged materials stating:
  A) The union will allow the agency to withhold all material the agency believes to be subject to privilege at this point.
  B) If at some future point defendant requests a privilege log, it need not include communications between the US Attorney's office and agency employees dated after initiation of the lawsuit.

PL.'S RESPONSES TO DEF.'S EARLY RULE 34 REQUESTS
CASE NO. 4:19-cv-02103-DMR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

OBJECTIONS: Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome.  In particular, the term "all documents" is overbroad and production of all notes, communications, memoranda, emails, recordings, and other materials is burdensome.  Plaintiff further objects on the ground that the request is vague as to the term "other materials."  Plaintiff further objects to the extent this request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the deliberative process privilege.  Responsive materials are being withheld on these bases.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: See the documents contained in the folder marked "Investigation."  The Bates range for these documents is USA001767 to USA008271.  In addition, please see those documents contained in the folders marked "Initial Disclosures" and "Complaint."

**REQUEST FOR PRODUCTION NO. 3:**

All original ballots from the ILWU 2018 election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

OBJECTIONS: Plaintiff objects to this request on the ground that it seeks information that is not relevant to any party's claims or defenses.  Further, to the extent Defendant seeks the original ballots in order to perform forensic and/or statistical analyses on them, this request is not proportional to the needs of the case in light of its lack of relevance and importance in resolving the issues in this case and the significant expenditures of money and time such analyses would require for both parties.  Further, Plaintiff objects on the ground that this request does not specify a reasonable time, place, and manner for the inspection in violation of Federal Rule of Civil Procedure 34(b)(1)(B).  Plaintiff further objects on the ground that the request is overbroad.  Defendant's request for "[a]ll original ballots from the ILWU 2018" is not reasonably calculated to return the ballots that were returned by the union members in Panama to be counted in the September 6, 2018 election.  Further, Plaintiff objects on the ground that

the request is vague as to the meaning of the term "all original ballots." Based on these objections, Plaintiff is withholding all responsive materials.

**REQUEST FOR PRODUCTION NO. 4:**

All original ballot envelopes from the ILWU 2018 election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

OBJECTIONS: Plaintiff objects to this request on the ground that it seeks information that is not relevant to any party's claims or defenses. Further, to the extent Defendant seeks the "original ballot envelopes" in order to perform forensic and/or statistical analyses on them, this request is not proportional to the needs of the case in light of its lack of relevance and importance in resolving the issues in this case and the significant expenditures of money and time such analyses would require for both parties. Further, Plaintiff objects on the ground that this request does not specify a reasonable time, place, and manner for the inspection of the "original ballot envelopes" in violation of Federal Rule of Civil Procedure 34(b)(1)(B). Plaintiff further objects on the ground that the request is overbroad. Defendant's request for "[a]ll original ballot envelopes" from the ILWU 2018 election is not reasonably calculated to return the ballot envelopes that were sent by the union members in Panama to be counted in the September 6, 2018 election. Further, Plaintiff objects on the ground that the request is vague as to the meaning of the term "[a]ll original ballot envelopes." Based on these objections, Plaintiff is withholding all responsive materials.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: August 9, 2019                By: /s/ Kimberly A. Robinson
                                     Kimberly A. Robinson
                                     Assistant United States Attorney

# CERTIFICATE OF SERVICE

### Pizzella v. ILWU
### USDC Case # 4:19-cv-02103-DMR

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**1. PLAINTIFF'S RESPONSES TO DEFENDANT'S EARLY RULE 34 REQUESTS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

[X] FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

[] CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

[] PERSONAL SERVICE (BY MESSENGER)

[X] EMAIL

[] FACSIMILE (FAX)

to the party(ies) addressed as follows:

| |
|---|
| Eleanor Morton<br>1188 Franklin Street, Suite 201, San Francisco, CA, 94109 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 9, 2019 at San Francisco, California.

/s/ Christina Luz
CHRISTINA LUZ
Paralegal

PL.'S RESPONSES TO DEF.'S EARLY RULE 34 REQUESTS
CASE NO.  4:19-cv-02103-DMR