# EXHIBIT 12

# Tanya Smith

| | |
|---|---|
| **From:** | Brakebill, Kenneth (USACAN) <Kenneth.Brakebill@usdoj.gov> |
| **Sent:** | Thursday, February 20, 2020 4:03 PM |
| **To:** | Tanya Smith |
| **Cc:** | Robinson, Kimberly (USACAN); Eleanor Morton |
| **Subject:** | Meet and confer follow-up |

Hi Tanya.

This is to follow up on the remaining items from ILWU's November 26, 2019 meet and confer letter.  I've responded in separate emails to other items, but I believe this is the balance of it.

1. Section 2 of the letter suggests that February 6, 2019 is the decision date underlying DOL's invocation of the deliberative process privilege.  It points to the February 6, 2019 communication from DOL to ILWU as the date DOL "announc[ed] the administrative findings that underlie DOL's claims in this litigation."  Note, however, that this communication explicitly says: "These findings are not to be construed as a final determination by the Secretary of Labor that violations have occurred which may have affected the outcome of the election."  The decision date that DOL is asserting in this litigation is April 16, 2019 and the specific decision/policy was that there was probable cause to believe that ILWU violated section 401 of the LMRDA by failing to provide its members in Panama a reasonable opportunity to vote and by failing to provide adequate safeguards to insure a fair election; that these violations may have affected the outcome of the election for four offices and had not been remedied; and that the Secretary must bring a civil enforcement action regarding these violations.

2. Section 4 of the letter suggests that the deliberative process privilege only attaches to the person or persons who made the ultimate decision, or that the agency head who made the ultimate decision must have personally reviewed each document for which the privilege is asserted.  We disagree.  The only case law you cite for DOL to consider is a district court decision talking generally about the *invocation* of the privilege but even in that context that decision notably says the agency-head invocation "need not be applied literally."  What that case says – and what DOL is conforming to – is that the relevant inquiry is whether disclosure would reveal the deliberative process and thus discourage candid discussion concerning the agency decision / policy.  The standard is not the rigid one that you suggest where a particular title or level of seniority for a staff member determines whether a document is afforded the deliberative process privilege.  If you would like DOL to consider further case law, please let me know.

3. The documents that are being withheld by DOL in connection with this deliberative process privilege are withheld because they are part of the give-and-take of the deliberative process whereby the aforementioned decision/policy (identified in #1 above) was formulated and/or because they reflect DOL's deliberative process itself.  With that said, as part of the meet and confer process we are doing the following:

    - For Section 2 documentation, we have been reconsidering whether any of the listed documents are not part of this deliberative process.  DOL plans to make a supplemental production by March 4, 2020.
    - For Section 3 documentation, we have been assessing if there is any additional purely factual information that can be produced in redacted form or otherwise.  DOL plans to make a supplemental production by March 4, 2020.
    - For Section 4 documentation, we have been reconsidering whether any of the listed documents are not part of this deliberative process.  DOL plans to make a supplemental production by March 4, 2020.

Thanks,
Ken

1



Ken Brakebill | Assistant U.S. Attorney | Northern District of California |
450 Golden Gate Ave. | Box 36055 | San Francisco, CA 94102 |
T:  415.436.7167 | kenneth.brakebill@usdoj.gov