# EXHIBIT 15

**Tanya Smith**

---

| | |
|---|---|
| **From:** | Tanya Smith |
| **Sent:** | Friday, April 3, 2020 1:10 PM |
| **To:** | 'Robinson, Kimberly (USACAN)' |
| **Cc:** | Brakebill, Kenneth (USACAN); Eleanor Morton |
| **Subject:** | RE: Scalia v. ILWU - DOL's RFPD production |

Good afternoon, Ms. Robinson.

After reviewing your email on Monday, Eleanor and I were unsure if DOL was done meeting and conferring on the issue of the deliberative process privilege, as well as the other privileges asserted in its most recent privilege log. These were the two sentences that seemed to contradict themselves in your email on Monday:

"We believe we have complied with the parameters of the deliberative privilege."
and
"We continue to work on the deliberative process privilege and also the investigative files questions."

Can you confirm that the parties are continuing the meet and confer process with respect to the DOL's RFPD production? That was why I called you, since we were unsure.

Thank you,
Tanya

---

**From:** Robinson, Kimberly (USACAN) [mailto:Kimberly.Robinson3@usdoj.gov]
**Sent:** Friday, April 3, 2020 1:03 PM
**To:** Tanya Smith <tsmith@leonardcarder.com>
**Cc:** Brakebill, Kenneth (USACAN) <Kenneth.Brakebill@usdoj.gov>; Eleanor Morton <emorton@leonardcarder.com>
**Subject:** Re: Scalia v. ILWU - DOL's RFPD production

Ms. Smith,

I received your voicemail.

Could you please state your specific questions over email? That way, I can more easily relay them to the client. As for "contradictions" in our email's statements, your message wasn't too clear. You'd stopped mid-sentence in the voicemail and then weren't able to recall what the issue was.

The email I sent earlier this week responds to what we understand to be your deliberative process question. Ken reviewed the *Bay Area Lawyers* case and provided his thoughts.  Additionally, there are other letters and emails addressing the issue.

As for investigative files privilege assertions, the agency is taking a second look at those, as I believe I mentioned in the email.  Please forgive me if I did not.  If there is something further, please let me know over email.

Best,
Kim

On Apr 2, 2020, at 2:16 PM, Tanya Smith <tsmith@leonardcarder.com> wrote:

Good afternoon, Ms. Robinson.

I just left you a voicemail, and was hoping to speak with you by phone to clarify where the parties are in the meet and confer process with respect to the DOL's RFPD production withheld under deliberative process, investigative files, and work product privileges.

Please feel free to call me at (925) 759-7133.

Thank you,
Tanya

---

**From:** Robinson, Kimberly (USACAN) [mailto:Kimberly.Robinson3@usdoj.gov]
**Sent:** Monday, March 30, 2020 2:31 PM
**To:** Eleanor Morton <emorton@leonardcarder.com>; Tanya Smith <tsmith@leonardcarder.com>
**Cc:** Brakebill, Kenneth (USACAN) <Kenneth.Brakebill@usdoj.gov>
**Subject:** Scalia v. ILWU - further correspondence on outstanding discovery issues

Thank you, Eleanor and Tanya, for your emails from last week. I thought it would be most efficient to respond to your separate correspondence in one email.

First, with regard to ILWU's document production, it was not clear that the union took the route of production "in the usual course of business." This is the first we've seen your methodology and will take a closer look to make sure it meets our needs. Thank you also for your perspective about what you have characterized as the DOL's broad written discovery requests and your belief that such requests would yield a larger volume of documents in response. Although we disagree with your characterization of the agency's requests, we do note that we have made a similar point regarding the union's requests, which likewise ask for "all documents" related to a subject matter. Tanya was quite concerned about the volume of documents that the DOL has produced in response to certain requests, but as we explained in our Jan. 31 letter and on the March 18 meet and confer call, "[t]he volume of documents is a function of the fact that [ILWU] served broad requests for production," as you state, Eleanor, in your email from last week.

Additionally, you have raised concerns that on the March 18 meet and confer call about discovery issues that DOL raised for the "first time" a discovery concern with "no notice." Please note that there is no prohibition against raising issues on a meet and confer call, and there is similarly no "notice" requirement. We thought it would be efficient to raise concerns about discovery on a call in which the parties were discussing discovery rather than engaging in time and resource-consuming letters, which are followed by meet and confer calls.

As far as the deliberative process privilege issue that Tanya has raised and which the parties again discussed on the March 18 call related to the 1992 *Bay Area Lawyers* case from N.D. Cal., we do not believe that case stands for the proposition you say it does: that the party invoking the privilege must identify the decisionmaker and her interaction with every document withheld. What that case says is that there is a predecisional requirement for the privilege, then it quotes a 1989 D.C. Circuit case saying that a predecisional document must assist the decisionmaker in arriving at her decision. While a document can assist in the decision-making process, this does not mean, as you suggest, that the decisionmaker must personally review every withheld document. If you have specific authority for this proposition, please let us know. During the meet and confer process, you cited to another case (*In re McKesson*, N.D. Cal 2009), for the proposition that the deliberative process privilege only attaches to the person or persons who made the ultimate decision, or that the agency head who made the ultimate

decision must have personally reviewed each document for which the privilege is asserted.  As Mr. Brakebill explained in his March 10, 2020 letter, we disagree that this is what that case stands for. The *McKesson* decision talks generally about the invocation of the privilege but even in that context it notably says the agency-head invocation "need not be applied literally."  What that case says – and what DOL is conforming to – is that the relevant inquiry is whether disclosure would reveal the deliberative process and thus discourage candid discussion concerning the agency decision / policy.  There are countless decisions in the Ninth Circuit that confirm this overarching principle.  Further to this notion, as both this Circuit and the Supreme Court have said, the deliberative privilege does not turn on whether there was a specific decision relating to each withheld document. *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 158 n. 18 (1975).  We believe we have complied with the parameters of the deliberative privilege.

As far as other outstanding items from the March 18 call, I have reached out to the agency again to follow-up on the interrogatories and we expect information soon.  We continue to work on the deliberative process privilege and also the investigative files questions.  However, I note that Tanya is still reviewing the case I cited during our call, along with other case law related to the verification issue, which I provided in a separate email.

On the verification issue, have we received yours?  On the March 18 call, I noted that we have not received any verifications--although I understand your position that they were included in ILWU's responses.  I asked that they be resent.  I also requested, for the sake of completeness, that the documents served on the DOL include an actual signature.  Many of them contain a blank signature block.

Thank you for your continued cooperation with the discovery process.

Sincerely,
Kim


**Kimberly A. Robinson**| Assistant U.S. Attorney | P: 510-637-3701