# EXHIBIT 24



SAN FRANCISCO OFFICE
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010
www.leonardcarder.com

File No. 777-2

July 22, 2020

*Via Electronic Mail*

| | |
|---|---|
| Kimberly Robinson | Kenneth Brakebill |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| Northern District of California | Northern District of California |
| 1301 Clay Street, Suite 340-S | 450 Golden Gate Avenue, Box 36055 |
| Oakland, California 94612-5217 | San Francisco, California 94102-3495 |
| Kimberly.Robinson3@usdoj.gov | Kenneth.Brakebill@usdoj.gov |

**Re:** *Scalia v. ILWU* – Meet and Confer re Responses to ILWU's Request for Production Set One, Requests 1 and 2

Dear Ms. Robinson and Mr. Brakebill:

Thank you for providing the Department of Labor's revised privilege log and the rolling production of documents which ended on July 10 responsive to ILWU's Requests for Production numbers 1 and 2 (set 1).

After reviewing the documents DOL has withheld or redacted based on the deliberative process privilege, investigative files privilege, and attorney-client privilege, we are writing to request a phone call on **either July 23rd or 24th** to meet and confer with you on these documents. In addition, the log is deficient in several respects explained below.

Because of the case management deadlines set by Judge Ryu, ILWU will need to resolve these issue promptly or be forced to seek recourse by filing a motion to compel. Thus, we have indicated below which documents must be produced no later than <u>Monday, July 27, 2020 in order to avoid costly motion practice.</u>

**1.    DOL has improperly withheld or redacted at least 5 documents authored after the final decisions were made in this case, and failed to provide creation dates for 5 additional documents**

During a meet and confer telephone call on January 8, 2020, Mr. Brakebill indicated that the DOL made a decision to bring suit against ILWU sometime between April 3 and 18, 2019. However, the following five documents identified by row number in DOL's privilege log were withheld or redacted under deliberative process grounds despite being created in May and August 2019: 343, 344, 345, 346, and 347. Further, DOL provided no date of creation for documents listed in rows 198, 202, 209, 214, and 216, so it is unclear if these documents are also post-decisional.

Kenneth Brakebill & Kimberly Robinson
Re: Meet and Confer re Responses to ILWU's Request for Production Set One, Requests 1 and 2
July 22, 2020
Page 2

These 5 documents created in May and August 2019, including others authored following any DOL decision in this matter, should be produced as they were not pre-decisional. *Bay Area Lawyers All. for Nuclear Arms Control v. Dep't of State,* 818 F. Supp. 1291, 1297, 1300 (N.D. Cal. 1992) (agency claiming privilege has burden to provide "requisite factual background which would enable the reader to determine what 'decision' the analysis assisted."). <u>Please produce all post-decisional documents withheld or redacted under deliberative process grounds by no later than Monday, July 27, 2020.</u>

2. **DOL's privilege log fails to identify the decision(s) for which at least 145 documents are withheld on deliberative process grounds**

DOL has not provided ILWU with a privilege log that indicates which decision was at issue for each documents being withheld under the deliberative process privilege. An "agency must identify a specific decision to which the document is predecisional". *Maricopa Audubon Soc. v. U.S. Forest* Serv., 108 F.3d 1089, 1094 (9th Cir. 1997). ILWU has repeatedly sought from DOL the nature of the decision(s) in which these withheld documents were used for deliberation, but has received little if any clear answers despite DOL's "burden of establishing 'the character of the decision, the deliberative process involved, and the role played by the documents in the course of that process.'" *Bay Area Lawyers All. for Nuclear Arms Control v. Dep't of State,* 818 F. Supp. 1291, 1297 (N.D. Cal. 1992). The privilege log DOL produced on July 10 with the last of the DOL's rolling document production contains the same deficiencies ILWU addressed in prior meet and confer efforts.

For example, Item 1 on the DOL's privilege log states that a transmittal memo Bates numbered USA000112 was withheld because it reflects whether a supervisor agreed or disagreed with an investigator's recommendation. But neither Item 1 nor at least 144 other documents listed on DOL's privilege log as being redacted or withheld under deliberative process grounds identify what the decision is that the agency was making at the time of its deliberation.

Thus, ILWU is unable to evaluate whether DOL properly withheld/redacted these documents, and is being forced to move to compel the documents withheld or redacted in row numbers:  1, 3-4, 8-10, 12-14, 17-20, 22-27, 29-33, 37-44, 46-48, 81, 86-87, 94, 96-99, 144-145, 147-148, 152-153, 156, 158-162, 164, 166-169, 176-182, 184, 187, 193-194, 196, 198-200, 203-208, 210-212, 214-221, 227-228, 238-239, 244, 245-246, 251, 268-271, 274, 285-292, 295-299, 304-305, 309, 314, 315, 317, 320-322, 330, 332-333, 343-352, 357, 358-361, and 363.

Kenneth Brakebill & Kimberly Robinson
Re: Meet and Confer re Responses to ILWU's Request for Production Set One, Requests 1 and 2
July 22, 2020
Page 3

### 3. Timelines and other documents withheld by DOL containing segregable facts must be produced

On July 7 and 10, we requested production of a timeline referenced in several of the previously withheld documents DOL was producing on a rolling schedule. We received no responses from you regarding this timeline or its numerous draft iterations.

As ILWU has previously addressed, when a responsive document contains both analytical and factual material, the factual material must be produced even if the analysis is properly withheld or redacted. *Bay Area Lawyers,* 818 F. Supp. 1296-7; *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 303 (S.D.N.Y. 1991) (holding that factual material that may be severed from the rest of the document is not protected under the deliberative process privilege). Because events on a timeline or facts contained in memos or emails can be segregated from the analytic portions of those documents, the burden is on DOL to establish that all reasonably segregable portions of the timelines and emails about timelines have been segregated and disclosed. *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008).

The privilege log identifies as withheld or redacted at least the following 138 documents on these line numbers which appear to contain segregable facts, which must be produced without delay: 1-3, 5, 8, 10, 12, 14, 17-22, 24-38, 40-45, 48, 81, 96-100, 144-145, 147-148, 150, 152-153, 156, 158, 161-162, 164-165, 167-169, 176-180, 182, 184, 187, 193-194, 196, 198-200, 203-208, 210-212, 214-221, 227-228, 238-239, 244-246, 251, 269-271, 274, 285-292, 295-299, 304-305, 309, 312, 314-315, 317, 319-322, 330, 333, 348-352, 357-361, and 363. <u>Please produce all documents with segregable facts by no later than Monday, July 27, 2020.</u>

### 4. Pre-decisional documents adopted by DOL's final decision(s) must be produced

Even if a document is predecisional at the time it is prepared, it can lose that status if it is adopted, formally or informally, as the agency position on an issue. *United States v. Rozet*, 183 F.R.D. 662, 666 (N.D. Cal. 1998), citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Any documents listed on DOL's privilege log containing deliberations or analysis adopted by DOL must now be disclosed. *NLRB v. Sears-Roebuck & Co.,* 421 U.S. 132, 153-154; 161 ("…the public is vitally concerned with the reasons which did supply the basis for an agency policy actually adopted. These reasons, if expressed within the agency, constitute the 'working law' of the agency and have been held by the lower courts to be outside the protection of Exemption 5 [the deliberative process privilege]").

The DOL has withheld on deliberative process grounds interview questions which likely were asked by its investigators during the course of its investigation. Once those questions were

Kenneth Brakebill & Kimberly Robinson
Re: Meet and Confer re Responses to ILWU's Request for Production Set One, Requests 1 and 2
July 22, 2020
Page 4

asked, the decision of whether or not to ask the question was made, and such adopted questions should be produced. Likewise, the DOL has identified numerous emails and memos which contain discussion of violations that may have altered the outcome of the election. Once the DOL made the decision regarding those violations, those portions of the documents that were adopted by the decision-makers should have been produced as responsive. See *U.S. v. Rozet*, 183 F.R.D. 666.

The privilege log identifies as withheld or redacted at least the following 150 documents on these line numbers which reference deliberations or recommendations that may later have been adopted by DOL: 1-5, 8, 10, 12-14, 17-48, 81, 86-87, 94, 96-100, 147-148, 150, 152-153, 156, 158-162, 164-169, 176-182, 184, 187, 193-194, 196, 198-200, 203-205, 210-212, 214-221, 227-228, 238-239, 244-246, 251, 268-271, 274, 285-292, 295-297, 304, 309, 312, 314-315, 319-322, 325, 330, 332-333, 343-352, 357-361, and 363. <u>Please produce the redacted or withheld text that was adopted formally or informally by DOL in this matter by no later than Monday, July 27, 2020.</u>

### 5. At least 4 documents DOL withheld or redacted under the so-called "Investigative Files" privilege must be produced

As ILWU has previously addressed, DOL is not currently engaged in any law enforcement or administration investigation of ILWU, so the so-called "investigative files" privilege does not apply. *See In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988); *Perez v. Guardian Roofing LLC*, No. 3:15-CV-05623-RJB, 2016 WL 1408029 at 3-4 (W.D. Wash. Apr. 11, 2016). In *Perez*, the Court explained that the "purported investigative files privilege" could not be used to prevent production of responsive documents, since "DOL's investigatory techniques are a proper discovery subject for [the defendant]… [and] the public interest in nondisclosure of DOL's investigative techniques is exceeded by Guardian's need for the information." *Id.*, 3-4.

The privilege log identifies as withheld or redacted based on the invalid "Investigative Files" privilege for at least the following 4 documents on these line numbers: 46, 47, 87, and 329. <u>Please produce these redacted or withheld documents by no later than Monday, July 27, 2020.</u>

### 6. At least 28 documents DOL withheld or redacted under the deliberative process privilege were never sent by the author to anyone

As ILWU has previously addressed, Mag. Judge Ryu's Standing Order requires that privilege logs include the identity of all recipients. (Standing Order, Section 16). Additionally, ILWU has provided DOL with case law explaining that pre-decisional materials are not protected merely because they are pre-decisional. Instead, such materials must also be "part of the agency give-and-take of the deliberative process **by which the decision itself is made**." *Vaughn v. Rosen*, 523 F. 2d 1136, 1144 (D.C. Cir. 1975), emphasis added.  DOL has provided no basis for

Kenneth Brakebill & Kimberly Robinson
*Re: Meet and Confer re Responses to ILWU's Request for Production Set One, Requests 1 and 2*
*July 22, 2020*
*Page 5*

withholding documents not used in intra-agency communication about decisions upon which it is deliberating.

The privilege log identifies as withheld or redacted these documents on the following line numbers which were not communicated to identified person or sent from the author to themselves: 3, 4, 94, 98-99, 199-200, 203-208, 210-212, 214-215, 217-221, and 343-347. <u>Please produce these redacted or withheld documents by no later than Monday, July 27, 2020.</u>

7. **At least 59 documents DOL withheld or redacted under the deliberative process were not given to staff with decision-making authority**

DOL bears the burden of establishing "the character of the decision, the deliberative process involved, and the role played by the documents in the course of that process." *Bay Area Lawyers*, 818 F. Supp. 1299. Pre-decisional documents must actually be "part of the agency give-and-take of the deliberative process **by which the decision itself is made**." *Vaughn v. Rosen,* 523 F. 2d 1136, 1144 (D.C. Cir. 1975), emphasis added.

DOL's privilege log fails to provide enough information about the decision, the process in involved, and the role of the document being withheld. Instead, DOL's log lists many documents that were withheld despite being authored by lower-level fact-gathering DOL staff and sent to other lower-level fact-gathering DOL staff, none of whom appear to have decision-making authority for the agency based on the information provided about their job titles or work group within DOL. Because documents authored by and sent to lower level fact-gathering staff do not appear to meet these requirements, please produce them.

DOL's privilege log identifies the following documents as withheld or redacted under deliberative process privilege even though they were never given to anyone who was not an investigator or fact-gatherer: 2, 5, 8, 10, 13, 14, 17-25, 32, 35-48, 48, 81, 86, 87, 96, 97, 100, 227, 244, 268-270, 274, 291, 296-299, 309, 314, 317, 319-320, 322, 333, 338-340, and 348-349.  <u>Please produce the redacted or withheld document if DOL is unable to identify the decision and the role it played in its decision-making process by no later than Monday, July 27, 2020.</u>

8. **At least 58 documents DOL withheld or redacted under attorney-client privilege involve no communication with an attorney**

Because DOL is claiming attorney-client privilege, it bears the burden of establishing all elements of the privilege. *United States v. Martin,* 278 F.3d 988, 999-1000 (9th Cir. 2002). Two of those elements require (1) legal advice (2) from a professional legal adviser in his or her capacity as such. *Id*., 999. As ILWU has previously addressed, Mag. Judge Ryu's Standing Order requires that

Kenneth Brakebill & Kimberly Robinson
*Re: Meet and Confer re Responses to ILWU's Request for Production Set One, Requests 1 and 2*
*July 22, 2020*
*Page 6*

privilege logs be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. (Standing Order, Section 16.)

However, DOL's privilege log identifies as withheld or redacted under attorney-client privilege documents on the following row numbers which identify no attorney authoring or receiving the document: 9, 26, 83-85, 96-97, 99, 139, 148, 150, 163, 168, 175, 178, 187, 190, 194, 197, 203-208, 213-214, 223, 227, 231, 233, 234, 244, 246-247, 256, 275, 286-289, 291, 293-294, 298-300, 303, 309, 311-312, 314, 322, 326-327, 330, 348, and 349. <u>Please produce documents which do not meet the elements of attorney-client privilege by no later than Monday, July 27, 2020.</u>

                                                Very truly yours,
                                                LEONARD CARDER, LLP

By: _____
                              Eleanor Morton

                      _____
                              Tanya Smith

opeiu-29-afl-cio(268)/NB