# EXHIBIT 26

# Tanya Smith

| | |
|---|---|
| **From:** | Tanya Smith |
| **Sent:** | Friday, July 24, 2020 9:44 AM |
| **To:** | 'Brakebill, Kenneth (USACAN)'; Eleanor Morton |
| **Cc:** | Robinson, Kimberly (USACAN); Nicole Bridges; Luz, Christina (USACAN) |
| **Subject:** | RE: Scalia v. ILWU |

Good morning, Mr. Brakebill.

I just left you a voicemail asking for clarification of your email.

We've been meeting and conferring on these withheld/redacted documents for many months, and the issues raised in meet and confer letter are not new. It's unclear from your email if the DOL is planning to provide additional documents or not. If so, we can give you until next Friday to provide those documents.

If DOL is not intending to deviate from its position, then it is unclear why there is further need to delay this motion, given the tight timeframes left for bringing discovery motions and our need for all documents produced by DOL to be reviewed ideally before additional depositions are noticed.

Can you shed light on the DOL's intentions?

Thank you,
Tanya

---

**From:** Brakebill, Kenneth (USACAN) [mailto:Kenneth.Brakebill@usdoj.gov]
**Sent:** Friday, July 24, 2020 9:07 AM
**To:** Eleanor Morton <emorton@leonardcarder.com>; Tanya Smith <tsmith@leonardcarder.com>
**Cc:** Robinson, Kimberly (USACAN) <Kimberly.Robinson3@usdoj.gov>; Nicole Bridges <nbridges@leonardcarder.com>; Luz, Christina (USACAN) <Christina.Luz@usdoj.gov>
**Subject:** RE: Scalia v. ILWU

Eleanor and Tanya,

We are in receipt of your letter from the afternoon before last.  It is a 6-page letter that makes demands about potentially hundreds of documents, falling into 8 categories (some of which are further broken down into subcategories), and in turn requests immediate meet and confer by telephone and demands production of hundreds of documents within 3 business days, all at the threat of a motion to compel.  While shorter than your prior 29-page letter, this letter is still a mouthful.  Curiously, these requests and demands that we react immediately are made despite the fact that you have had DOL's revised privilege log  – and accompanying materials, including a detailed declaration explaining the basis for deliberative process assertions – for almost two weeks.  You cite Judge Ryu's "case management deadlines" as a reason for your July 27 demand.

While we can appreciate resolving this soon, there is nothing in Judge Ryu's order that compels a response by DOL by July 27.  With that said, we would like to resolve these issues as soon as possible, or at least frame what issues are left on the table.  The agency and the USAO have already spent multiple hours on your letter.  We will provide you a response by a week from today, or July 31.  As you are aware, there are depositions two days next week that impede our ability to respond to you earlier.  We would consider an effort by ILWU to file a motion to compel prior to hearing our response on July 31 premature at best.

Thank you,
Ken

---

**From:** Nicole Bridges <nbridges@leonardcarder.com>
**Sent:** Wednesday, July 22, 2020 2:45 PM
**To:** Robinson, Kimberly (USACAN) <KRobinson@usa.doj.gov>; Brakebill, Kenneth (USACAN) <KBrakebill@usa.doj.gov>
**Cc:** Eleanor Morton <emorton@leonardcarder.com>; Lindsay Nicholas <lnicholas@leonardcarder.com>; Tanya Smith <tsmith@leonardcarder.com>; Luz, Christina (USACAN) <CLuz1@usa.doj.gov>
**Subject:** Scalia v. ILWU

Counsel:

Attached please find correspondence from Eleanor Morton and Tanya Smith in the above-referenced case.

Thank you,

*Nicole Bridges* | Leonard Carder, LLP
ASSISTANT TO ELEANOR MORTON, ESQ.
1188 Franklin Street, Suite 201 | San Francisco, CA 94109
Tel (415) 771-6400 | Fax (415) 771-7010 | nbridges@leonardcarder.com

Notice: This email and its attachments are confidential and may contain information that is attorney-client privileged, attorney work product, protected health information that is subject to HIPAA privacy and security guidelines, or otherwise legally exempt from disclosure.  If you are not the intended recipient, or the person responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message or any attachments is strictly prohibited.  If you have received this confidential communication in error, please notify the sender immediately at 415-771-6400 and destroy all copies of this message and any attachments (electronic, paper or otherwise).