# EXHIBIT 27



*United States Attorney*
*Northern District of California*

*9th Floor, Federal Building  (415)436-7200  Fax: (415)436-7234*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*

August 3, 2020

Eleanor Morton
Tanya Smith
Leonard Carder, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109

        Re:    Scalia v. ILWU – DOL's July 10, 2020 Privilege Log

Dear Eleanor and Tanya:

This letter responds to your meet and confer letter dated July 22, 2020 and our email communications that followed on July 24, 2020.

Before diving into the eight categories of objections in your letter, I note a few items of significance. First, DOL has asserted the deliberative process privilege with respect to 151 documents. For 79 of those documents DOL is also asserting the attorney-client privilege and/or the work product privilege. Thus, your demands that DOL produce documents because the deliberative process privilege is unfounded fail to take into consideration the assertion of this additional privilege. DOL is not producing attorney-client and/or work product privileged documents. Second, for the remaining 72 deliberative process documents, we have identified a handful of documents that will either be produced in full, produced with redactions or produced with fewer redactions. DOL will submit these documents to its vendor this week for production to ILWU. Third, DOL will submit a revised privilege log this week reflecting the changes made in response to your July 22, 2020 inquiry.

Regarding the eight categories of objections listed in your July 22, 2020 letter:

1. You state that DOL improperly redacted five documents under the deliberative process privilege as post-decisional documents, citing Document numbers 343, 344, 345, 346, and 347 of DOL's July 10, 2020 privilege log. Let us provide this clarification: These documents relate to a separate decision than the April 16, 2019 decision that is detailed in

1

the privilege log's supporting Declaration of Brian A. Pifer. Specifically, they relate to the Department's decision to amend the complaint filed on April 18, 2019 to include an additional allegation relating to the 608 dues payers on dues checkoff who were not sent ballots. This latter decision occurred on August 29, 2019, and is reflected in the Amended Complaint, filed on August 30, 2019.

You also called attention to five documents that are missing dates in Field H of the July 10, 2020 privilege log. To answer your question, the missing dates are: Document No. 198 (2-6-2019), Document No. 202 (4-12-2019), Document No. 209 (2-19-19), Document No. 214 (3-7-19), Document No. 216 (3-22-19).

2. You state that DOL's July 10, 2020 privilege log fails to identify the "decision at issue" for 145 documents that were withheld or partially redacted on deliberative process grounds. DOL has provided the decision. Please see the Declaration of Brian A. Pifer, which DOL simultaneously submitted to Defendant with the privilege log on July 10, 2020. This declaration describes the deliberative process that led to DOL's decision on April 16, 2019 that there was probable cause to believe that violations of the LMRDA occurred. This decision, in turn, led to filing the Complaint on April 18, 2019, which included the allegations based upon this decision. To address your example, Document 1 is indeed a transmittal memo, one of the documents created in DOL's investigation process. It is specifically identified and described in the Pifer Declaration.

3. You have requested production of 138 documents that you say appear to contain segregable facts. You also inquire about a timeline or its draft iterations.

   First, as described in the privilege log, this timeline was specifically requested and used by DOL attorneys providing legal advice regarding whether there was probable cause that violations occurred. At the request of its attorneys, OLMS provided this compilation and added to it over time. Thus, as an initial matter, it is being withheld on the basis of the attorney-client privilege and work product doctrine. In addition, OLMS and its attorneys engaged in deliberations regarding the contents of the timeline, as manifested in comments within the document as well as in emails transmitting the document. On this basis, DOL's position is that these documents are also protected by the deliberative process privilege.

   With respect to the remaining documents that you highlight, most of them have already been redacted to segregate the privileged material from facts; others have been withheld because the factual material is so interwoven with the deliberative material that disclosure of the factual material would disclose the deliberations. With that said, DOL will be producing a handful of items from the 138 documents.

4. You request that DOL produce virtually all (150 of 151) of the documents that DOL asserts are protected by the deliberative process, notwithstanding the fact that DOL has asserted that more than half of these documents are also protected by the attorney-client privilege and/or the work product doctrine. We disagree with what appears to be your assertion that the privilege in otherwise protected documents in the deliberative process

disappears once a decision is adopted. Nevertheless, DOL agrees to produce certain questions posed to witnesses that are not protected by the attorney-client privilege or the work product doctrine.

5. You assert that DOL has improperly withheld four documents under the investigative files privilege. These are documents that DOL believes are either properly withheld or properly redacted because they relate to investigative techniques and evaluation.

6. You request that DOL produce documents that do not indicate that they were sent by the author to anyone – that is, the recipient is identified as "file." Our view is that the fact that a document may be drafted "to the file" does not defeat their role in the agency's deliberative process. For example, Document Nos. 3 and 4 consist of the Report of Investigation and an exhibit thereof that was not addressed to a particular person, but which was sent as an attachment to the Transmittal Memorandum and the Analysis and Recommendation Memorandum. The Declaration of Brian A. Pifer explains how these materials meet the requirement that such documents be "part of the give-and-take of the deliberative process by which the decision itself is made." *See Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). To the extent that it is possible to identify whether the documents that you have identified were sent as attachments, DOL is amending the privilege log to show this.

7. For 59 documents, you assert that DOL has not met its burden of satisfying the requirements for asserting the deliberative process privilege because they were not given to staff with investigative authority. Most of these documents are email communications between Senior Investigator Regina Diaz, Supervisory Investigator Kenric Michel, and Division of Enforcement Investigator Tracy Shanker. Again, the critical role played by these staff persons in investigating the allegations, analyzing the facts and making recommendations to the Division of Enforcement that were then used in the decision-making process is outlined in the Declaration of Brian A. Pifer.

8. For 58 documents, you assert that DOL has not properly asserted the attorney-client privilege because the privilege log indicates no communication with an attorney. First, we disagree with your suggestion that an attorney must author or receive a document for the privilege to be valid. The first five documents you cite are protected communications that describe legal advice that a client received from an attorney. For example, Document No. 26 is described in the log as "Email communication - Re: Update on today's call with AUSA Kim Robinson [Summary of meeting with attorneys relating to legal and factual questions raised by DOJ based on DP and AC]." Despite the lack of an attorney name in the "From" or "To" columns, it should be clear from the description that the document is reporting on attorney advice. Second, in our view, the descriptions in the privilege log are sufficient to understand the basis for asserting the attorney-client privilege when an attorney is not listed as authoring or receiving the document.

Please let me know if you have any questions.  Thank you.

                                        Respectfully submitted,
                                        DAVID L. ANDERSON
                                        United States Attorney

                            By:      */s/ Kenneth Brakebill*

                                        KENNETH W. BRAKEBILL
                                        Assistant United States Attorney