# EXHIBIT 29

# Tanya Smith

| | |
|---|---|
| **From:** | Tanya Smith |
| **Sent:** | Wednesday, August 12, 2020 3:52 PM |
| **To:** | Brakebill, Kenneth (USACAN) |
| **Cc:** | Eleanor Morton; Luz, Christina (USACAN); Nicole Bridges; Iyengar, Savith (USACAN); Robinson, Kimberly (USACAN); Lindsay Nicholas |
| **Subject:** | Scalia v. ILWU call today |

Mr. Brakebill,

Thank you for providing DOL's revised privilege log on Monday and DOL's additional production of documents yesterday.

During our call today, we confirmed that there was no change in either DOL's position or ILWU's position regarding the remainder of the withheld or redacted documents listed on DOL's privilege log. I indicated that by early next week, ILWU would be filing a motion to compel some of those withheld or redacted documents listed on DOL's most recent privilege log.

Please let me know if the details memorialized below from our meet and confer call are incorrect or if I missed anything. (These points are numbered by the respective section in ILWU's meet and confer letter dated July 22, 2020.)

- 1. With respect to 5 documents (line items 343, 344, 345, 346, and 347) authored after 4/18/19, it is DOL's position that they were predecisional to a second decision on 8/29/19 to amend the complaint. It is also DOL's position that any predecisional documents that were adopted by a final decision would be withheld under deliberative process grounds. I asked if you had case law on this point. If you find any, I would very much like to have it.

- 3. With respect to timelines and 138 documents withheld or redacted by DOL, it is DOL's position that because an attorney requested the timelines of DOL's investigators, they are withheld under attorney client privilege or attorney work product grounds. DOL does not believe that there are segregable facts to be disclosed from the timelines or other documents withheld under deliberative process grounds.

- 5. With respect to 4 documents (line items 46, 47, 87, and 329), it is DOL's position that they are not disclosable under an investigative files grounds if an investigation is closed because they reveal investigative techniques. I asked if you had case law on this point. If you find any, I would very much like to have it.

- DOL believes it has made a good faith effort to work through this meet and confer process and that the parties have reached the point of needing to bring their disagreement about the documents still withheld/redacted before the judge. ILWU will be doing this through a formal motion rather than the letter brief process, as indicated by Judge Ryu during our last CMC.

- Because Judge Ryu has moved up our CMC to 8/27, our joint case management statement will be due on 8/20. We agreed to file it by next Wednesday. I will send you a first draft for your edits by Monday.

Thank you,

*Tanya Smith | Leonard Carder, LLP*
1188 Franklin Street, Suite 201 | San Francisco, CA 94109

Phone (415) 771-6400 | Fax (415) 771-7010 | [tsmith@leonardcarder.com](mailto:tsmith@leonardcarder.com)

**Leonard Carder**llp
**BLACK LIVES MATTER.**

Notice: This email and its attachments are confidential and may contain information that is attorney-client privileged, attorney work product, protected health information that is subject to HIPAA privacy and security guidelines, or otherwise legally exempt from disclosure.  If you are not the intended recipient, or the person responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message or any attachments is strictly prohibited.  If you have received this confidential communication in error, please notify the sender immediately at (415) 771-6400 and destroy all copies of this message and any attachments (electronic, paper or otherwise).