STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6748
kenneth.brakebill@usdoj.gov

Attorneys for Plaintiff
MARTIN J. WALSH

Eleanor Morton (SBN 220407)
Lindsay R. Nicholas (SBN 273063)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010
emorton@leonardcarder.com
lnicholas@leonardcarder.com

Attorneys for Defendant
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

    v.

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 4:19-cv-02103-DMR

**JOINT CASE MANAGEMENT STATEMENT**

Honorable Donna M. Ryu

Pursuant to this Court's October 1, 2021 Order requiring that the parties submit a further joint case management conference statement ("JCMS") by February 15, 2022, ECF No. 149, the parties hereby submit this JCMS. The parties submitted their last JCMS on September 30, 2021. *See* ECF No. 148.

International discovery: On December 14, 2020, the Court issued a Letters Rogatory to the Republic of Panama. ECF No. 138. On January 8, 2021, counsel for Defendant lodged the signed Letters Rogatory (with translations) and the Court's Order with the U.S. State Department for transmission to Panama. ECF No. 143. In June 2021, these papers were dispatched to the U.S. Embassy in Panama for transmission to the Ministry of Foreign Affairs of Panama, the central authority for

delivery to the Supreme Court of Panama.  ECF No. 146.  On July 19, 2021, the Letters Rogatory was sent from the Ministry of Foreign Affairs to the Supreme Court of Panama.  *See* ECF No. 148 at 2.  As of September 30, 2021, it was unknown when any formal judicial action would be taken on the request for judicial assistance, and it was the parties' understanding that it could take another six months or longer before the requested international discovery was completed.  *Id.*

At this time, the parties understand that the Supreme Court of Panama assigned the Letters Rogatory to a local Labor Court, which opened the proceedings on the Letters Rogatory on January 20, 2022.  The Labor Court has estimated that the formal judicial process pursuant to the Letters Rogatory will take approximately five (5) months or longer, although that time could increase depending on witnesses, the Court's schedule, and developments related to the COVID-19 pandemic.  The parties further understand that once this process is complete, there will be an additional time period in which the Labor Court will send the file to the Supreme Court of Panama, which will forward the file to the Ministry of Foreign Affairs to send to the United States.

Domestic discovery:  As the parties previously reported, given the delay in the case due to international discovery, the parties have been – and continue to be – amenable to a continuation of further domestic discovery, including previously agreed-upon depositions.  *See* ECF No. 148 at 2. Plaintiff is currently awaiting dates from counsel for Defendant for the availability of union witnesses (including James Daw, Rob Remar, Tina Luzken, Marilyn Falik, Kathryn Weisbeck and James Daprile) for depositions, which the parties expect to proceed at mutually convenient times as international discovery proceeds during the next five (5) months.  As the parties previously reported, the parties expect that domestic discovery may continue up to and including the time period that international discovery is ongoing.  *Id.*  In the event that either party believes that there is a good faith basis for any domestic discovery after international discovery has been completed, the parties agree that they shall have ninety (90) days to so complete that domestic discovery.  *Id.*

Disaffiliations of Panamanian Affiliates: As the parties previously noted in the last JCMS, effective in 2021, the two local unions comprising the Panama Canal Division of Defendant – SINTRAPORSPA, which represents dockworkers, and the Panama Canal Pilots Union ("PCPU"), which represents pilots – are no longer affiliated with Defendant.  *Id.*, Exs. A & B.  Having further considered

this issue, Plaintiff continues to believe that the fact of these disaffiliations does not render this case moot or otherwise deprive this Court of jurisdiction, and maintains that this case can proceed to judgment and the disaffiliations do not have any effect on Plaintiff's right to the statutory remedy of a supervised election upon a finding that the September 6, 2018 election of union officers conducted by ILWU violated the Labor-Management Reporting and Disclosure Act of 1959.  As Defendant previously noted in the last JCMS, Defendant disagrees, is looking into the issue and may raise the issue in a motion at a later time.

Joint proposal: The parties jointly propose that they submit a further JCMS by July 15, 2022, that includes a joint update on any progress on international discovery, a report on the status of domestic discovery, and a specific proposal for a case management schedule in light of the discovery status at that time.

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

Dated: February 15, 2022          By:     /s/ Savith Iyengar
                                           SAVITH IYENGAR
                                           Assistant United States Attorney
                                           Attorney for Plaintiff


LEONARD CARDER, LLP

Dated: February 15, 2022          By:     **/s/ Eleanor Morton
                                           ELEANOR MORTON
                                           Attorney for Defendant


** Pursuant to Civ. L.R. 5-1(h)(3), the filer of this
   document has obtained approval from this signatory.

JOINT CASE MANAGEMENT STATEMENT
4:19-CV-02103 DMR                          3